UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

FLORIDA'S FINEST SEAFOOD CO.,

    Debtor.

CASE NO.09-11820-RBR

Chapter 11 Proceeding

_____/

FLORIDA'S FINEST SEAFOOD CO.,

    Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.

ADV. PROC. NO.

_____

## COMPLAINT

Plaintiff, FLORIDA'S FINEST SEAFOOD CO., Debtor and Debtor-in-possession herein ("Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, WHOLE FOODS MARKET GROUP, INC. ("Defendant"), and in support states as follows:

### JURISDICTION AND VENUE

1.    This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 of the Federal Rules Of Bankruptcy Procedure and 11 U.S.C. §§ 541 and 542, seeking a judgment of this Court finding that certain monies are due and payable by Defendant in favor of Plaintiff, and directing said Defendant to turn over, pursuant to 11 U.S.C. §542, any and all such funds due and owing.

2.    Jurisdiction of this Court is based upon 28 U.S.C. 157(b), and this matter is a core proceeding. Defendant has filed a proof of claim for recovery of a purported prepetition debt against the Plaintiff in this matter. Accordingly, the Defendant has availed itself of the jurisdiction of this Court and is subject to Bankruptcy Court jurisdiction.

3.    On February 2, 2009, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. Pursuant to Bankruptcy Code §§1107 and 1108, the Debtor was

continued in possession and operation of business and property, as a debtor-in-possession.

4. Debtor is a Florida corporation authorized and doing business in Broward County, Florida.

5. Defendant is a Texas corporation authorized and doing business in Broward County, Florida.

6. All conditions precedent to the institution of this instant action have occurred, been waived and/or excused.

## GENERAL ALLEGATIONS
## COMMON TO ALL COUNTS

7. At all times material herein, Plaintiff engaged in the commercial wholesale distribution of seafood products to food markets and restaurants predominately in the south Florida area.

8. The Debtor operates its business from 3628 NW 16th Street, Lauderhill, FL 33311.

9. At various times material herein, Defendant requested that Plaintiff provide goods to or for the benefit of Defendant. Plaintiff in fact performed such services.

10. As of the date of this Complaint, Plaintiff has not received from Defendant the agreed upon amounts due for the goods so provided by Plaintiff, in the combined amount of $326,354.63.

11. Specifically, the Defendant owes the Plaintiff $197,586.69 for prepetition goods provided by the Plaintiff to the Defendant. The Defendant also owes the Plaintiff $128,767.74 for postpetition goods provided by the Plaintiff to the Defendant. Copies of a listing of the unpaid invoices referenced herein are attached hereto as Exhibit A. Copies of the actual invoices are attached hereto as Composite Exhibit B.

## CLAIM FOR RELIEF I
## BREACH OF CONTRACT

Plaintiff sues Defendant, and realleges and reavers paragraphs "1" through "11", and in support of Count I, further states as follows:

12. Plaintiff and Defendant, at various intervals entered into various contracts, whereby Plaintiff would provide delivery of wholesale seafood product at an agreed upon price and volume to Defendant, at Defendant's request.

13. Plaintiff fulfilled its obligations under the contracts, but Defendant failed to comply with its obligations by failing to make the necessary payments pursuant to the contracts.

14. Plaintiff is currently owed the sum of $326,354.63 as a result of Defendant's breach of contract. This sum of money is property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code §541(a).

WHEREFORE, Plaintiff demands that a judgment be entered against Defendant in the amount of $326,354.63, plus interest, court costs and reasonable attorney's fees, and any such further relief that this Court deems necessary and proper.

## CLAIM FOR RELIEF II
## QUANTUM MERUIT/SERVICES RENDERED/GOODS SOLD

Plaintiff sues Defendant, realleges and reavers paragraphs "1" through "11", and in support of Count II, further states as follows:

15. Defendant owes Plaintiff $326.354.63 that is due with interest for Plaintiff providing goods and supplies to Defendant, at Defendant's request. This sum of money is property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code §541(a).

WHEREFORE, Plaintiff demands that a judgment be entered against Defendant for damages in the amount of $326,354.63, plus interest, court costs and reasonable attorney's fees, and any such further relief that this Court deems necessary and proper.

**BEHAR, GUTT & GLAZER, P.A.**  2999 N.E. 191ST STREET, FIFTH FLOOR, AVENTURA, FLORIDA 33180
DADE: 305-931-3771  •  BROWARD: 954-733-7030  •  PALM BEACH: 561-347-7160  •  DADE FAX: 305-931-3774  •  PALM BEACH FAX: 561-347-7164

## CLAIM FOR RELIEF III
## UNJUST ENRICHMENT

Plaintiff sues Defendant, realleges and reaverts paragraphs "1" through "11", and in support of Count III, further states as follows:

16. Defendant owes Plaintiff the amount of $326,354.63 for Plaintiff providing services to Defendant at Defendant's request.

17. Defendant has received the benefits of Plaintiff's services and has not paid for same.

18. Plaintiff would be damaged and Defendant would be unjustly enriched if it is not ordered to pay for the services provided by Plaintiff. This sum of money is property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code §541(a).

WHEREFORE, Plaintiff demands that a judgment be entered against Defendant in the amount of $326,354.63, plus interest, court costs and reasonable attorney's fees, and any such further relief that this Court deems necessary and proper

## CLAIM FOR RELIEF IV
## OPEN ACCOUNT

Plaintiff hereby sues Defendant, realleges and reavers the general allegations contained in paragraphs "1" through "11", and for Count IV of the Complaint, Plaintiff further alleges:

19. Defendant owes Plaintiff the sum of $326,354.63, that is due with interest on the account. This sum of money is property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code §541(a).

Wherefore, Plaintiff demands judgment against Defendant in the amount of $326,354.63, together with prejudgment interest, attorneys fees, pursuant to the contract/invoices and/or applicable law and court costs and any such other relief that this Court deems necessary and proper.

## CLAIM FOR RELIEF V
## ACCOUNTS STATED

Plaintiff hereby sues Defendant, realleges and reavers the general allegations contained in paragraphs "1" through "11", and for Count V of the Complaint, Plaintiff further alleges:

20.     Before the institution of this action, Plaintiff and Defendant had business transactions between them and Defendant agreed to pay the resulting balance.

21.     Plaintiff rendered a statement to Defendant.

22.     Defendant owes Plaintiff the sum of $326,354.63 that is due with interest on the account.   This sum of money is property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code §541(a).

Wherefore, Plaintiff demands judgment against Defendant in the amount of $326,354.63, together with prejudgment interest, attorneys fees, pursuant to the contract/invoices and/or applicable law  and court costs and any such other relief that this Court deems necessary and proper.

    Respectfully submitted,

    BEHAR, GUTT & GLAZER, P.A.
    Attorneys for Plaintiff
    2999 N.E. 191st Street, Fifth Floor
    Aventura, Florida  33180
    Telephone (305) 931-3771
    Telefax (305) 931-3774


By: /s/ **Brian S. Behar**
    BRIAN S. BEHAR
    FBN 727131